### KUHNHOLD v. DEUTSCH–AUSTRALISCHE DAMPFSCHIFFS GESELL-SCHAFT et al.

(District Court, S. D. New York. June 3, 1920.)

**Shipping ⬤�death120—Bill of lading held to call for entire shipment by signing carrier.**

A bill of lading, mentioning only one carrier, but calling for a through shipment between two named ports by two different steamers, with transshipment at an intermediate port, in which the conditions of carriage applied only between the intermediate port and the destination, is a through bill of lading by that carrier, which makes it liable for damage not resulting from act of God or of a public enemy while on the first vessel, though it did not own that vessel.

In Admiralty. Libel by William Kuhnhold against the Deutsch-Australische Dampfschiffs Gesellschaft and the Netherlands-American Steam Navigation Company. Libel against the Deutsch-Australische Dampfschiffs Gesellschaft dismissed; and decree for libelant against the Netherlands-American Steam Navigation Company.

Theodore L. Bailey, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City, for respondent Netherlands-American Steam Nav. Co.

WARD, Circuit Judge. This very meager record raises a curious question sufficiently, I think, to dispose of it on the merits. For brevity the respondents will be called respectively the Holland Line and the German Line.

The libel is on contract, and alleges that these two companies received, April 10, 1914, at Marseilles, a shipment of 59 bales of skins in apparent good order, jointly agreeing to carry them on the steamer Iserlohn to Rotterdam, and thence by the steamer Soestdyk to Philadelphia; the bill of lading of the Holland Line being delivered to the libelant's assignor, and that three of the bales were delivered at Philadelphia damaged by sea water.

The German Line appeared by proctors, but has made default. The Holland Line answered, admitting that it had received the shipment at Rotterdam from the Iserlohn, and had delivered it, three of the bales being damaged by sea water, at Philadelphia, but denied neg-

---

⬤➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ligence on its part and relied upon certain exceptions in the bill of lading.

The form of bill of lading used is that of the Holland Line, applicable to transportation by two or more independent carriers; the agent signing for each severally, and each to be liable only in respect to the transportation on its own line. A through bill of lading is one which covers transshipment at one or more points before delivery at final destination. The freight was prepaid, and no other carrier than the Holland Line is mentioned; the conditions of carriage applying only between Rotterdam and Philadelphia.

The receipt and delivery of the goods by the Holland Line under the bill of lading is an acknowledgment of the agent's authority to bind it, at least for carriage between Rotterdam and Philadelphia. It could, of course, contract to carry through from Marseilles to Philadelphia, even if the carriage between Marseilles and Rotterdam were to be on a steamer belonging to other parties. Smith v. Booth, 122 Fed. 626, 58 C. C. A. 479, is such a case. The bill of lading is certainly to this effect; the Holland Line being the only carrier mentioned, and agreeing to carry by the steamer Iserlohn from Marseilles to Rotterdam and by the Soestdyk from Rotterdam to Philadelphia. If it had been intended to make a contract with two independent carriers, the bill of lading should have been that of the first and not of the last carrier, and the names of both carriers should have been stated.

It is sought to qualify the actual contract by provisions of the printed form not appropriate to it, by showing that the Holland Line did not own or operate the Iserlohn, and that therefore her owner, not mentioned, must be regarded as the first and independent carrier. This does not follow at all, and would be very unfair to the shipper or holder of such bill of lading. I regard the Holland Line as the sole contractor with the shipper. The case of Charles A. Johnson v. M., K. & T. Ry. Co., 107 App. Div. 374, 95 N. Y. Supp. 182, shows nothing to the contrary. In it the railway company was held liable for delay because the bill of lading named it only as the inland carrier, notwithstanding that the goods were delayed on another line not named, and that the agent signed "on behalf of carriers severally and not jointly." The Holland Line has the benefit of the exceptions as to the transportation between Rotterdam and Philadelphia stated in the bill of lading, but between Marseilles and Rotterdam it can only claim the act of God and the public enemy as exceptions.

There being no proof of contract with the German Line, the libel will be dismissed against it, without costs, and the libelant may have a decree against the Holland Line.